MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By:    ANDREW M. McNEELA
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.:  (212) 637-2741

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IOANNIS VOULELAKIS,                          :
                                                                           ECF
                    Plaintiff,                         :
                                                                           ANSWER
                 - v. -                                  :
                                                                           07 Civ. 3588 (AJP)
U.S. CITIZENSHIP AND IMMIGRATION  :
SERVICES,
                                                              :
                    Defendant.
------------------------------------------------------------x

    Defendant United States Citizenship and Immigration Services ("USCIS" or "the Government"), by its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, hereby answers the Complaint of plaintiff Ioannis Voulelakis ("petitioner" or "Voulelakis") seeking review of the denial of his naturalization application, upon information and belief, as follows:

    1.    Neither admits nor denies the allegations in paragraph 1 of the Complaint because they constitute plaintiff's characterization of this action and/or contain conclusions of law, to which no responsive pleading is required, except avers that: (1) plaintiff filed an application with USCIS seeking to become a naturalized citizen of the United States ("naturalization application"), pursuant to sections 310 and 316 of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. §§ 1421 &1427, (2) USCIS issued an initial decision denying

petitioner's naturalization application on August 2, 2006; and (3) upon further review of petitioner's naturalization application, USCIS issued a final administrative decision denying his naturalization application on January 4, 2007.

2. Neither admits nor denies the allegations in paragraph 2 of the Complaint, as they constitute legal conclusions to which no response is required; to the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Admits that USCIS has been named as a defendant in this action and has offices located at, inter alia, 26 Federal Plaza, New York, NY.

5. Denies the allegations of paragraph 5 of the Complaint, except avers that plaintiff entered the United States on June 25, 1997 pursuant to an R-1 Religious Worker Visa.

6. Denies the allegations of paragraph 6 of the Complaint, except avers that the Watchtower Bible and Tract Society of New York filed an I-360 Petition for Amerasian, Widow or Special Immigrant on plaintiff's behalf, which was approved on September 24, 1997.

7. Denies the allegations of paragraph 7 of the Complaint, except avers that plaintiff filed an I-485 application to adjust his immigration status to that of a lawful permanent resident,

and that the former Immigration and Naturalization Service ("INS")[1] granted that application on March 2, 1999.

  8. Admits the allegations of paragraph 8 of the Complaint.

  9. Neither admits nor denies the allegations in paragraph 9 of the Complaint, as they constitute legal conclusions, to which no response is required; to the extent a response is required, denies the allegations of paragraph 9 of the Complaint.

  10. Admits the allegations of paragraph 10 of the Complaint.

  11. Admits the allegations of paragraph 11 of the Complaint.

  12 Denies the allegations of paragraph 12 of the Complaint, except avers that plaintiff's naturalization interview was conducted on June 5, 2006.

  13. Denies the allegations of paragraph 13 of the Complaint, except avers that plaintiff filed an N-470 Application to Preserve Residence for Naturalization Purposes on August 31, 2006.

  14. Admits the allegations of paragraph 14 of the Complaint.

  15. Neither admits nor denies the allegations of paragraph 15 of the Complaint to the extent they call for a legal conclusion, except admits that plaintiff filed an N-336 Request for a

---

[1] As of March 1, 2003, the former INS ceased to exist as an agency within the United States Department of Justice, and its functions were transferred to three agencies within the United States Department of Homeland Security: (1) the CIS, responsible for administering services and benefits under the immigration laws; (2) United States Immigration and Customs Enforcement ("ICE"), responsible for enforcement of the immigration laws; and (3) United States Customs and Border Protection, responsible for, inter alia, customs inspections and the United States Border Patrol. See Homeland Security Act of 2002, Pub. L. 107-296, § 471(a), 116 Stat. 2135, 2205 (Nov. 25, 2002); 68 Fed. Reg. 10922-01, 2003 WL 735330 (Mar. 6, 2003); see also see also Clark v. Martinez, 533 U.S. 374 n.1 (2005); Chan v. Gantner, 464 F.3d 289, 292 (2d Cir. 2006) (per curiam); Brown v. Ashcroft, 360 F.3d 346, 348 (2d Cir. 2004).

Hearing on a Decision in Naturalization Proceedings on August 31, 2006, which was accompanied by a written statement.

16. Admits the allegations of paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the Complaint.

20. In response to the allegations contained in paragraph 20 of the complaint, the Government respectfully refers the Court to the agency determination referenced in paragraph 20 of the Complaint, for an accurate statement of the content of that determination.

21 Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint.

22. Neither admits nor denies the allegations of paragraph 22 of the Complaint, as they constitute a legal conclusion for which no response is required; to the extent that a response is required, denies the allegation contained in paragraph 22 of the complaint.

23. Neither admits nor denies the allegations of the unnumbered paragraph of the complaint beginning "Wherefore," as such allegations constitute plaintiff's prayer for relief, for which no response is required.

## FIRST DEFENSE

24. The final administrative decision issued by the USCIS on January 4, 2007 denying plaintiff's naturalization application was properly issued, was supported by substantial evidence in the record, comported with applicable law, and fell within the ambit of USCIS's broad discretion in naturalization matters.

Dated: New York, New York
       July 27, 2007

                                          MICHAEL J. GARCIA
                                          United States Attorney for the
                                          Southern District of New York
                                          Attorney for Respondent


                              By:         /s/
                                          ANDREW M. McNEELA
                                          Assistant United States Attorney
                                          86 Chambers Street, 3rd Floor
                                          New York, New York  10007
                                          Tel. No.:  (212) 637-2741

TO:    Carolyn R. Wah, Esq.
          Watchtower Bible and Tract Society of
          New York, Inc., Legal Department
          Attorneys for Plaintiff
          25 Columbia Heights
          Brooklyn New York, NY 11201